240 U.S. 564 (1916)
DETROIT AND MACKINAC RAILWAY COMPANY
v.
MICHIGAN RAILROAD COMMISSION AND FLETCHER PAPER COMPANY.
No. 68.
Supreme Court of United States.
Argued November 10, 1915.
Decided April 3, 1916.
ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.
Mr. Fred A. Baker and Mr. James McNamara for plaintiff in error submitted.
Mr. D.H. Crowley, with whom Mr. Grant Fellows and Mr. I.S. Canfield were on the brief, for defendants in error.
*566 MR. JUSTICE VAN DEVANTER delivered the opinion of the court.
This was a petition to the Supreme Court of Michigan by the Railroad Commission of that State for a writ of mandamus to enforce obedience to an order of the commission directing the Detroit & Mackinac Railway Company to relay one-half mile of rails removed by it from a fivemile logging spur, called Tubbs Branch, and to resume service thereon. The railroad company answered, and, after a hearing, the court granted the writ subject to a condition presently to be stated. 178 Michigan, 230.
The commission's action was invoked by a complaint presented by the Fletcher Paper Company, of which the railway company had due notice. Before the commission the railway company insisted that the logging spur was not a part of its railroad system and that its use had been only that of a private convenience; but the commission concluded from the pleadings and evidence that the fact was otherwise and made the order with the purpose of correcting what it deemed an unreasonable and unjust discrimination and an inadequate service within the meaning of the local statute, 3 Howell's Ann. Stat., 2nd ed., §§ 6526, 6537, 6545. Thereupon the railway company filed a bill in equity in the Circuit Court of Wayne County praying that the order be vacated and asking that its enforcement be temporarily and permanently enjoined. In the bill the railway company repeated its insistence *567 that the logging spur was not a part of its railroad system but only a private convenience, and charged that an adequate hearing was denied by the commission in that the issues were determined upon the evidence presented by the paper company and in contravention of an understanding, assented to by the commission, that if an objection of the railway company in the nature of a plea of res judicata should be overruled, as it afterwards was, the company would be afforded a further opportunity to present evidence in opposition to that of the paper company. The bill invoked the due process of law clause of the Fourteenth Amendment. Apparently the prayer for a temporary injunction was not insisted upon.
It was during the pendency of that suit that the mandamus proceeding was begun and carried to judgment in the Supreme Court. In this proceeding the railway company again asserted that the logging spur was only a private convenience and not a part of the railroad system used by it as a common carrier and that the commission had denied it an adequate opportunity to be heard upon that question, and further insisted that to require it to give effect to the commission's order in advance of a hearing and decision upon that question in the suit in equity would deprive it of the due process of law guaranteed by the Fourteenth Amendment.
In the course of its opinion the Supreme Court said, pp. 243-246:
"We are not called upon to consider and determine the merits of the controversy between the Fletcher Paper Company and respondent railway company upon the order of August 3, 1911. Such questions are involved in the case now pending before the circuit court for the County of Wayne in chancery, wherein the respondent railway company seeks to review, annul and set aside said order. The sole question before this court in this proceeding is whether the order of the railroad commission shall *568 take effect and become operative pending the hearing and determination of that chancery cause. . . .
"Relative to an order made by this commission this court has said: `. . . Its orders stand until modified or set aside by it or by the courts. . . . Presumptively, the findings and orders of the commission are right. If attacked, the complainant has the burden of showing by clear and satisfactory evidence that the order of the commission complained of is unlawful or unreasonable, as the case may be.' Detroit &c. R.R. v. Railroad Commission, 171 Michigan, 335, 346.

* * * * * * * *
"The petitioner in the instant case before the railroad commission offered, and upon this hearing before this court keeps such offer good, to indemnify respondent for all costs and expenses incurred in re-laying the track taken up by it, with interest, and to pay all rates that may be fixed or charged by the railway company and approved by the commission, in case this order is vacated and set aside by the Wayne circuit court in chancery, or by this court, if an appeal is taken. This indemnity would save respondent harmless from any possible loss in complying with the order, and save petitioner from claimed irreparable damage to 21,000,000 feet of forest products during the probable term of years occupied in this litigation.
"It was held by this court that an order of the railroad commission is enforceable by mandamus, although a proceeding in equity to review it is pending. Michigan R.R. Comm. v. Railroad Co., 159 Michigan, 580.
"This order is prima facie not unreasonable. There is no question but that the legislative intent clearly expressed in this statute was that the orders of the commission should be and continue in force during all subsequent proceedings until modified or set aside by the commission or by the courts.
"The statute provides a remedy by mandamus to enforce *569 the orders of the commission, and this court has granted such writs. Upon the facts presented, the writ should be granted in this case.
"Upon furnishing bond by the petitioner before the railroad commission, the Fletcher Paper Company, in the penal sum of $10,000 to indemnify respondent in manner and form as herein stated, with two sureties to be agreed upon between the parties, or approved by the clerk of this court, a writ of mandamus will issue as prayed."
And in the course of a separate opinion one of the Justices said, p. 248:
"So long as the respondent was operating the spur, accepting thereon and transporting over it freight for those who offered it, and so long as it published tariffs affecting such service, it was undoubtedly, as to such operations, within the scope of the act in question, and this we held in Detroit &c. R.R. v. Railroad Commission, 171 Michigan, 335. But whether the Michigan railroad commission has power under the statute to require respondent to continue to operate such a spur, or branch, against its will, and in face of its efforts to abandon it, is quite a different question. It is a question which we assume is presented in the pending chancery proceeding to set aside the order which in this proceeding is sought to be enforced. It need not be answered now."
The local statute, 3 Howell's Ann. Stat., 2nd ed., provides: (§ 6545) Orders of the commission shall take effect and become operative twenty days after service; (§ 6547) the commission may upon application rescind or alter any order; (§ 6548) all regulations, practices and services prescribed by the commission shall be in force and be prima facie lawful and reasonable until finally held otherwise in a suit brought for the purpose under § 6549, or until rescinded or altered by the commission under § 6547; (§ 6549) a carrier may, within thirty days after notice of an order, commence a suit in equity to vacate *570 it, the burden being upon the carrier to show that the order is unlawful or unreasonable. In such a suit original evidence may be introduced in addition to the transcript of that presented before the commission; and if evidence be introduced by the carrier which is different from or in addition to that presented before the commission the court, unless the parties stipulate to the contrary, shall transmit a copy thereof to the commission and stay further proceedings for the time being. The commission shall consider the evidence transmitted and may alter or rescind its order and shall report its action to the court. If the commission rescind its order the suit shall be dismissed; if it alter the order, the same in its changed form shall take the place of the original and judgment shall be rendered thereon as though the last action of the commission had been taken at first; (§ 6570) in addition to all other remedies, the commission, and likewise any party in interest, may compel compliance with an order of the commission by a proceeding in mandamus, injunction or other appropriate civil remedy.
It will be perceived that the Supreme Court, applying the statute, held that the "sole question" for decision was whether the commission's order should be given effect pending the determination of the equity suit, and then, coming to dispose of that question, held that due regard for the provisions of the statute, especially §§ 6545, 6548 and 6549, and for the relative consequences of enforcing or refusing to enforce the order required that it be enforced by mandamus, if a suitable bond was given to indemnify the railway company for any resulting loss in the event the order ultimately should be vacated in the equity suit.
Our jurisdiction is called in question upon the ground that the judgment is not final in the sense of § 237, Jud. Code, upon which our power to review depends, because the judgment does not determine the merits and end the *571 litigation. But, as this court has said, "all judgments and decrees which determine the particular cause" are final in the sense of the statute. Weston v. Charleston, 2 Pet. 449, 463-465; Central Transportation Co. v. Pullman Co., 139 U.S. 24, 40; Mt. Vernon Cotton Co. v. Alabama Power Co., 240 U.S. 30. This view has prevailed through a century of practice in reviewing judgments and decrees dismissing causes for want of jurisdiction or for other reasons not decisive of the merits. And it is settled that a proceeding in mandamus is an independent adversary suit and a judgment awarding or refusing the writ is a final judgment within the meaning of the statute. Davies v. Corbin, 112 U.S. 36, 40; McPherson v. Blacker, 146 U.S. 1, 24; American Express Co. v. Michigan, 177 U.S. 404, 406.
Under the local statutes, as interpreted by the Supreme Court of the State, whether the logging spur was merely a private convenience or was so used and operated by the railway company that the latter was not free to discontinue service thereon, in the circumstances existing when the rails were removed, was primarily a question for the commission and secondarily for the Wayne Circuit Court wherein the commission's order was sought to be vacated. By the order the commission resolved this question against the railway company. The order was valid upon its face and recited that it was made after a hearing and due consideration of the proofs and briefs of the parties. Whether the hearing was adequate and whether the facts relating to the logging spur were such as to sustain the order were matters which were in issue in the suit in the Wayne Circuit Court, where the railway company was at liberty to produce any evidence legitimately bearing upon the propriety of the order. It was in this situation that the Supreme Court, having regard to the statutory requirement that the order be given effect and treated as prima facie lawful and reasonable until adjudged otherwise in *572 the suit brought to vacate it, and also having regard to the comparative consequences of enforcing or refusing to enforce it while that suit was undetermined, held that it ought to be enforced by mandamus, if a suitable bond was given to indemnify the railway company should the order ultimately be vacated. In this we perceive no deprivation of due process. The granting of an order or writ to maintain or restore the status quo pending the outcome of existing litigation, which really is what was done here, has been practiced by the courts of the country since before the Constitution was adopted, and the claim that relief of this nature cannot be granted, even upon condition that ample security be given to make good any loss that may be sustained thereby, without encroaching upon the due process of law secured by the Constitution is manifestly without merit.
Judgment affirmed.
MR. JUSTICE McREYNOLDS is of opinion that the judgment is not final within the meaning of § 237, Jud. Code, and therefore that the writ of error should be dismissed.