### BANCO MERCANTIL AMERICANO DE CUBA v. TAGGART COAL CO. et al.

(Circuit Court of Appeals, Fifth Circuit. November 1, 1921.)

No. 3760.

1. **Appeal and error ⊙═71(3)—Order transferring cause to law side, which in effect denies an injunction, appealable.**

An order dismissing a bill from the equity side and transferring the cause to the law side of the court under Equity Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), which in effect denies an interlocutory injunction prayed for in the bill, is appealable under Judicial Code, § 129 (Comp. St. § 1121).

2. **Equity ⊙═20—Bill alleging lien held to state cause of action for equitable relief.**

A bill alleging an indebtedness from defendant to complainant, and that under a contract between them certain coal or its proceeds and notes and trade acceptances for coal sold are held by defendant in trust for complainant, and praying for an injunction to restrain transfer of the same, for enforcement of the lien created by the trust agreement, and for an accounting, *held* to state a cause of action in equity, regardless of the solvency of defendant.

---

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit in equity by the Banco Mercantil Americano de Cuba against the Taggart Coal Company and others. From an order dismissing the bill and transferring the cause to the law side of the court, complainant appeals. Reversed.

Robert M. Hitch and A. B. Lovett, both of Savannah, Ga. (Curtis, Mallett-Prevost & Colt, of New York City, and Hitch, Denmark & Lovett, of Savannah, Ga., on the brief), for appellant.

L. Z. Rosser, of Atlanta, Ga., and Samuel B. Adams and A. Pratt Adams, both of Savannah, Ga., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order dismissing appellant's bill from the equity side of the court and transferring it to the law side.

The bill averred: That appellant, a banking corporation of Havana, Cuba, issued a letter of credit to the Taggart Coal Company, appellee, and advanced to it a total of $1,100,612 for the financing of shipments of coal from the United States to Cuban ports; that there was a balance due appellant of approximately $300,000; that in pursuance of agreement between the parties, appellant paid drafts in favor of the coal company through a correspondent bank in New York, when and as the same were presented at a bank in Savannah, Ga.; that to secure the repayment to appellant of the sums so advanced, bills of lading were forwarded from Savannah to appellant at Havana, and were delivered by appellant to the coal company in trust, evidenced by trust certificates executed by the coal company in favor of appellant, covering the shipments of coal or the proceeds thereof, and notes or trade acceptances taken in payment therefor; that the individual appellees were, respectively, the president and vice president of the coal company, and were in charge of the management of its affairs; that the coal company was not registered in Cuba, and that as a result, under the laws of Cuba, the individual appellees were jointly and severally liable for all the debts of the corporation; that certain shipments of coal had not been accounted for as required by the trust certificates; that some of the coal had not been sold, and some of the notes and trade acceptances for coal sold had not been delivered by appellees to appellant, but had been wrongfully withheld by them, and were in their possession; that appellees denied the existence of the indebtedness claimed by appellant, refused to account for the coal on hand, or for the proceeds of the coal sold, refused to deliver up to appellant the notes and trade acceptances received in payment for coal, and claimed the right to dispose of the coal, or its proceeds, and to collect for their own benefit the notes and trade acceptances then outstanding, and further refused to give an account or statement of the notes and acceptances held by them. Many other matters of detail are set out, but the foregoing statement comprises the essential averments of the bill.

The bill prayed for an accounting, that a trust in favor of appellant be decreed and impressed upon the coal that remained unsold, and that appellees be required to deliver to appellant the notes and trade acceptances, and the proceeds derived from the sales which still remained in their hands, and that they be enjoined from disposing of any coal in their possession, and from negotiating or incumbering the notes and trade acceptances remaining in their custody or control, and for general relief.

[1] Appellees move to dismiss the appeal on the ground that the decree of the District Court was not final within the meaning of section 128 of the Judicial Code (Comp. St. § 1120).

It need not be decided whether an order that dismisses a bill from the equity side of the court and transfers it to the law side under Equity Rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) is final or interlocutory, for the reason that in this suit an injunction is prayed for and in effect denied, and the order entered, though not final, may be appealed from under section 129 of the Judicial Code (Comp. St. § 1121). The motion to dismiss the appeal is denied.

[2] Under section 267 of the Judicial Code (Comp. St. § 1244), brought forward from the Judiciary Act of 1789, a suit in equity will not be sustained where there exists a plain, adequate, and complete remedy at law, and appellees contend that such a remedy exists in this suit. It is true the bill does not aver the insolvency of appellees, or either of them, and the lack of that averment seems to have had weight with the District Court; but in our view the solvency or insolvency of appellees is immaterial. Whether the bill could be maintained if it went no further than to disclose the right of an accounting between the parties need not be decided, because it contains averments which set up a lien in favor of appellant upon the coal, or its proceeds, and upon the notes and trade acceptances. These averments being admitted by the motion to dismiss, appellant has a right to assert its lien, notwithstanding that appellees may be solvent. The existence of a lien is sufficient to confer jurisdiction upon a court of equity. Wylie v. Coxe, 15 How. 416, 14 L. Ed. 753. Furthermore, under the averments of the bill, appellees hold the coal undisposed of, and the notes and trade acceptances in trust for appellant, and a court of equity has jurisdiction to compel the performance of duties and obligations growing out of the trust relationship. Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43; Seymour v. Freer, 8 Wall. 202, 19 L. Ed. 306; Townsend v. Vanderwerker, 160 U. S. 171, 16 Sup. Ct. 258, 40 L. Ed. 383.

Appellant is not deprived of the right to enforce its lien or to impress its trust upon the coal, or its proceeds, merely because the final relief prayed is for the recovery of money. Clews v. Jamieson, 182 U. S. 461, 21 Sup. Ct. 845, 45 L. Ed. 1183; 1 Pomeroy's Equity Jurisprudence (4th Ed.) 158.

We are of opinion that the bill presents a cause of equity jurisdiction. The decree of the District Court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.