## HIGHWAY ENGINEERING & CONSTRUCTION CO., Inc., v. HILLSBOROUGH COUNTY, FLA.

### No. 6922.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1933.

A. G. Turner, of Tampa, Fla., and George C. Bedell, of Jacksonville, Fla., for appellant.

H. C. Tillman, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

A bill in equity was filed by Highway Engineering & Construction Company, Inc., against Hillsborough county, Fla., which set up that certain certificates of indebtedness issued by the county under chapter 9316 of the Laws of Florida of 1923 for the paving of a road which should have been liens against the abutting lands failed of their purpose and were not valid as such for reasons stated. It was prayed that by decree the county be required to take them back and submit to a money judgment. No injunction or receiver was prayed. The county moved to dismiss the bill, when the court of its own motion ordered "that this cause be transferred to the law side of the court, and that the pleadings be reframed as an action at law, and that the plaintiff be and is hereby enjoined and restrained from further prosecution of this cause as a cause in equity." From this order an appeal was taken, and a motion to dismiss the appeal for prematurity has been made.

Our ordinary appellate jurisdiction is over final judgments only, unless in such exceptional cases as are mentioned in Judicial Code § 129, as amended, 28 USCA § 227. We are of opinion that the mere transfer of a cause from the equity docket of the District Court to its law docket is not a final judgment. It does not end the case either by adjudicating or dismissing it, but merely puts it in another file of the court for further examination. There is nothing to prevent its being retransferred to the equity docket if on further examination that should seem proper. No judgment even for costs is rendered. The most that could be made of such an order is that it is equal to striking the supposedly equitable allegations and prayers from the petition, but this if formally done would not be a final judgment. Nevertheless

an order of transfer made when an injunction or receiver is prayed for may amount to a denial of them, since neither can be granted on the law side of the court. Inasmuch as the interlocutory denial of an injunction or receiver is under 28 USCA § 227 appealable, such an order of transfer may be appealed from. Banco Mercantil Americano v. Taggart Coal Co. (C. C. A.) 276 F. 388; King Mechanism & Engineering Co. v. Western Wheeled Scraper Co. (C. C. A.) 59 F.(2d) 546. It is thereupon urged that this order of transfer is appealable under that section because an injunction was granted. But we think the injunction of no substance. With the whole cause transferred to the law side there was no equity case left to support an injunction. See Chanslor-Canfield Midway Oil Co. v. United States (C. C. A.) 266 F. at page 147. The injunction merely prohibited the prosecution in equity of this very cause, which manifestly could not occur after it was transferred from the equity side to the law side of the court. Nobody had prayed or moved for an injunction, and the words seem to us to be wholly surplusage and without legal effect. The order is merely an order of transfer. Our decision in American Cyanamid Co. v. Wilson & Toomer Fertilizer Co., 62 F.(2d) 1018, related not to the transfer of an entire case from one side of the court to the other, but to the filing of equitable defenses under 28 USCA § 398, and to the special provisions for review made in that section. The case has no application here.

The appeal is dismissed.