**TAGGART v. ABRAHAMS et al.**
**No. 9169.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1939.

Grantham I. Taggart, in pro. per.

A. B. Lovett, T. M. Cunningham, John J. Bouhan, and David S. Atkinson, all of Savannah, Ga.; and Fred T. Saussy, of St. Petersburg, Fla., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought by Grantham I. Taggart, appellant, against Edmund H. Abrahams, the law firms of Hitch, Denmark and Lovett, and Saussy and Saussy, and against Girard M. Cohen, to recover $229,509.89, of which he alleged the defendants, all members of the bar of Savannah, Georgia, had defrauded him, as the result of a conspiracy between them. Only questions of fact are presented.

The following facts appear from the record. Appellant was the president and principal stockholder of Taggart Coal Co., organized in 1915. He was also a member of a partnership known as the Taggart Tie Co., composed of himself and one Silverthorne, and his wife. In 1921 Taggart Coal Co. did a large business exporting coal to Havana, Cuba, which transactions were financed through the Banco Mercantil Americano de Cuba, hereafter, for the sake of brevity, referred to as the Cuban Bank. The Cuban Bank brought a suit against Taggart Coal Co., to recover a balance of about $300,000 as resulting from these transactions, asserting a lien on certain coal in storage in Havana and negotiable receipts for same, and praying for an accounting and an injunction to restrain the disposition of this property. The District Court entered an order transferring the case to the law docket. On appeal to this court the judgment was reversed, and the case remanded for further proceedings. Banco Mercantil Americano De Cuba v. Taggart Coal Co., 5 Cir., 276 F. 388. With this suit pending, the Cuban Bank and other creditors joined in a petition to have Taggart Coal Co. adjudicated bankrupt.

A receiver was appointed by the court in that case. Appellant, as president of Taggart Coal Co., consented to the adjudication. Prior to the institution of the bankruptcy proceedings, appellant had sold and transferred his residence in Savannah to his wife. The Cuban Bank filed a proceeding to have this transfer set aside as in fraud of creditors. Appellant was endorser on the obligations of the Coal Co. and so was his brother, John P. Taggart. Appellant also owed personal obligations amounting to about $7,500, in round figures. Abrahams was attorney for Taggart and Taggart Coal Co.; Hitch, Denmark and Lovett were attorneys for the Cuban Bank; Saussy and Saussy were attorneys for the receiver appointed for the Taggart Coal Co.; and Cohen was attorney for other creditors who joined in the petition for involuntary bankruptcy. There were other proceedings in bankruptcy against appellant and his brother but there is no need to go into that feature of the case.

Shortly after the proceedings outlined above, appellant had an interview with his attorney, Abrahams, in New York City, and was told the receiver was claiming payment from him of an overdraft amounting to some $48,000. Abrahams advised appellant that if his wife would sell the residence for $25,000 and his brother would contribute $10,000, all his debts could be compromised and settled. Appellant agreed to this and personally signed a petition filed by Abrahams as his attorney to effect the compromise. The compromise was authorized by the court and was fully carried out.

This suit was filed some 16 years after the compromise became effective. Appellant was not represented by counsel either in the District Court or here. Naturally, the complaint was inartificially drawn and it was difficult to determine the basis of the claim. The defendants waived technical objections to the pleadings, waived pleas of laches and limitation that had been filed, and asked that the case be tried on the merits. It was tried by the judge without the intervention of a jury.

Appellant testified in his own behalf and stated his claim was based, roughly, on the value of the house, $25,000; that instead of having an overdraft on the books of the Coal Co. against him he was entitled to a credit or underdraft, as he put it, of $97,000; that instead of the Coal Co. owing the Cuban Bank approximately $300,000, the Cuban Bank was indebted to it to the extent of about $170,000 and that he had lost notes and trade acceptances that were in the files of the Coal Co. of a value of about $19,000.

Except that he admitted that after the compromise was effected he had not been called upon to pay any of his debts existing theretofore and that he knew that limitation had run against all these debts, his testimony was of no probative value. In his testimony appellant withdrew his charges of fraud against all the defendants except his own attorney, Abrahams.

The District Court found that the compromise was effected in good faith and was carried out; that appellant was relieved of his then existing obligations; and that none of the defendants was guilty of fraud or misstatement in bringing about the compromise.

As appellant was not represented by counsel we have meticulously scrutinized the record, including a large number of exhibits brought up in connection with the brief filed by appellant. We concur in the conclusions of the District Court.

The judgment is affirmed.