## LEWIS v. E. I. DU PONT DE NEMOURS & CO., Inc.

### No. 12995.

United States Court of Appeals
Fifth Circuit.

June 16, 1950.

30

Will Ed Smith, Eastman, Ga., Sam'l D. Hewlett, Atlanta, Ga., John T. Dennis, Atlanta, Ga., for appellant.

Wm. Hart Sibley, Atlanta, Ga., for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the lower court refusing to remand the case to the state court. Appellant, a resident of Georgia, sued R. L. Brown and Nathaniel Mullis, residents of Georgia, and E. I. du Pont de Nemours & Company, Inc., a nonresident Delaware corporation, in the state court in tort for injuries sustained by him because of the alleged acts of negligence of both defendants. Appellee, du Pont de Nemours & Company, removed the cause to the United States District Court on the ground that it was a nonresident corporation and that appellant's petition set out a separate and independent cause of action against it. Appellant filed a motion in the district court to remand the case to the state court on the ground that the district court did not have jurisdiction because under the laws of Georgia he was entitled, as a matter of right, to sue the defendants jointly and that, for this reason, he had not set forth in his petition a separate cause of action against appellee. The district judge overruled appellant's motion to remand, and an appeal was taken to this court.

Appellee has moved to dismiss the appeal on the ground that it is not from a final decision as defined in 28 U.S.C.A. § 1291, or from an interlocutory decision as defined in 28 U.S.C.A. § 1292. If appellee is correct in its contention, we must dismiss the appeal, because our appellate jurisdiction is limited by the following sections of New Title 28 U.S.C.A., which provide:

"§ 1291. Final decisions of district courts

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court."

"§ 1292. Interlocutory decisions

"The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States, the District Court for the Territory of Alaska, the

United States District Court for the District of the Canal Zone, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;

"(4) Judgments in civil actions for patent infringement which are final except for accounting."

■ From a consideration of the above sections, it is evident that Congress has given us jurisdiction to review only those judgments, decrees, and orders, which amount to a final decision in the case, except by special provisions we may review certain designated interlocutory orders. The denial of the motion to remand in this case is not such a final decision as is contemplated by the statute. At most, it is only an interlocutory order preceding a final disposition of the case on its merits. A final decision generally is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Appellate review may be had only upon an order or judgment disposing of the whole case, and adjudicating all rights, including questions of liability and compensation. The purpose of the limitation is to prevent piecemeal litigation, and to eliminate the delays that would be occasioned by so many interlocutory appeals. See Luxton v. North River Bridge Company, 147 U.S. 337, 341, 13 S.Ct. 356, 37 L.Ed. 194; Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 29–30, 63 S. Ct. 938, 87 L.Ed. 1185; Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911; Gospel Army v. Los Angeles, 331 U.S. 543, 546, 67 S.Ct. 1428, 91 L.Ed. 1662; Highway Engineering & Construction Company v. Hillsborough County, Florida, 5 Cir., 67 F.2d 439.

A study of the cases involving the question presented by this appeal shows that such an issue is usually presented as ancillary to an appeal from an entry of judgment, or as ancillary to an appeal from a dismissal of the action, voluntary or involuntary. In Missouri Pacific Ry. v. Fitzgerald, 160 U.S. 556, 582, 16 S.Ct. 389, 396, 40 L.Ed. 536, the court held: "If a case be removed to the circuit court, and a motion to remand be made and denied, then, after final judgment, the action of the circuit court in refusing to remand may be reviewed here on error or appeal. Graves v. Corbin, 132 U.S. 571, 10 S.Ct. 196 [33 L.Ed. 462]." See also McLish v. Roff, 141 U.S. 661, 12 S.Ct. 118, 35 L.Ed. 893; Powers v. Chesapeake & O. Ry. Company, 169 U.S. 92, 96, 18 S.Ct. 264, 42 L.Ed. 673; Wecker v. National Enameling & Stamping Company, 204 U.S. 176, 181–182, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Detroit & Mackinac Ry. Company v. Michigan Railroad Commission, 240 U.S. 564, 570, 36 S.Ct. 424, 60 L.Ed. 802; McAllister v. Chesapeake & O. Ry. Company, 243 U.S. 302, 305, 37 S.Ct. 274, 61 L.Ed. 735; City of Owatonna v. Interstate Power Company et al., 8 Cir., 67 F.2d 298; Ruff v. Gay, 5 Cir., 67 F.2d 684.

■ No order has been entered in this case adverse to appellant's prayer for substantive relief, and there is nothing to prevent him from proceeding with the litigation. The lower court's refusal to remand is not such a final decision as gives this court jurisdiction of an appeal therefrom, and the appeal is dismissed.

Dismissed.