## TAUZIN v. SAINT PAUL MERCURY INDEMNITY CO.

### No. 13751.

United States Court of Appeals
Fifth Circuit.

March 22, 1952.

224

Earl H. Willis, St. Martinville, La., for appellant.

Richard C. Meaux, James J. Davidson, Jr., Lafayette, La., for appellee.

Before HOLMES, BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

Mrs. May Broussard Tauzin brought suit against Liberty Mutual Insurance Company and Saint Paul Mercury Indemnity Company under Act No. 55 of 1930, Statutes of Louisiana, LSA–R.S. 22:655, to recover damages for the death of her minor child, Elaine Ann Tauzin, and for her own personal injuries alleged to have been sustained when the automobile operated by her husband, in which she and her minor daughter were riding, collided with another car which was being driven by Mrs. Ernestine V. Selser. The complaint alleges that the collision was caused by the joint and concurrent negligence of plaintiff's husband and the driver of the other automobile. The prayer is for a judgment *in solido* against Liberty Mutual Insurance Company, Mrs. Selser's liability insurer, and Saint Paul Mercury Indemnity Company, her husband's liability insurer.

Motions to dismiss were filed on behalf of each defendant. The motion grounds asserted by the defendant Saint Paul Mercury were: (1) To strike the entire complaint; (2) in the alternative, to strike certain allegations therefrom; (3) to dismiss the complaint for failure to state a claim upon which relief could be granted; and (4) to stay proceedings until plaintiff's husband be made a party plaintiff.

The motions were set down for hearing and on the day fixed and prior to the argument, counsel for plaintiff informed the court that Mrs. Tauzin had compromised her action against Liberty Mutual. The court thereupon heard arguments on the motion filed by Saint Paul Mercury.

The District Court granted the motion dismissing the complaint stating: "The wife's action against Saint Paul is based upon the same cause of action that would arise from the negligence of the plaintiff's husband, as the insurer stands in his shoes. In such circumstances, she has no cause of action and the complaint as against Saint Paul should be dismissed."

We are of opinion that the District Court erred. It would seem that plaintiff has stated enough to withstand a mere formal motion directed only to the face of the complaint. The courts have repeatedly said that there is no justification for dismissing a complaint for insufficiency except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim pleaded. If the facts alleged in a complaint reveal that a plaintiff is entitled to any kind of relief, it is sufficient and should not be dismissed.

We are of the opinion that plaintiff has in her complaint stated a claim for damages for her own personal injuries and, consequently, that the defendant's motion to dismiss was erroneously granted. Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148; Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191. Indeed, it is freely admitted by appellee that the cited cases do hold that a wife may institute a suit, and maintain an action,

against the liability insurance carrier of the husband, although she could not sue her husband directly. And, in an effort to avoid the impact of this admission, appellee insists that these cases were wrongly decided. This argument should be addressed to the State courts, it is wasted here. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

But what can we do about it? The minutes of the District Court show that the court was advised that plaintiff had compromised her action against Liberty Mutual, and that the only matter argued and submitted was the motion by Saint Paul Mercury to strike the entire complaint and in the alternative certain paragraphs therefrom. Following this minute entry is the "Court's Ruling on Motions" which recites that "both insurers have moved to strike the entire complaint, which is in effect a motion to dismiss the same." The conclusion reached was "that the complaint against St. Paul should be dismissed and the action should be abated until the husband is made a party plaintiff as to the demand against Mutual." Then follows the judgment of dismissal which reads in part as follows: "Considering the Motion to dismiss the pleadings filed herein and * * * for the written reasons assigned * * * It is Ordered, Adjudged and Decreed that the Motion to Dismiss be and the same is hereby sustained and accordingly that St. Paul Mercury Indemnity Company be dismissed from these proceedings."

We must take the record as we find it and the record standing thus we must dismiss the appeal because jurisdiction has not been conferred upon this court to review a judgment which does not amount to a final decision in the case. The appellate jurisdiction of this court is limited by Sections 1291 and 1292 of New Title 28 U.S.C. With certain exceptions not pertinent here, our jurisdiction is limited to review by appeal of final decisions. Hunteman v. New Orleans Public Service, 5 Cir., 119 F.2d 465; Lewis v. E. I. Du Pont de Nemours & Co., 5 Cir., 183 F.2d 29, 21 A.L.R.2d 757. To be reviewable here the judgment or order must be final not only as to all the parties, but as to the whole subject matter and as to all causes of action involved. The judgment dismissing Saint Paul Mercury "from these proceedings" is not such a final decision as to confer appellate review of an appeal therefrom since the action against the other joint tort feasor was not disposed of by the judgment. There being no final judgment the appeal must be dismissed for want of jurisdiction.

Dismissed.