Susie Parker NETTLES and Alvie C. Nettles, Appellants,

v.

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Limited and Continental Casualty Company, Appellees.

No. 15805.

United States Court of Appeals Fifth Circuit.

May 25, 1956.

**244**

Alvin B. Rubin and Huckabay, Seale, Kelton & Hayes, Baton Rouge, La., for appellants.

A. G. Seale, Baton Rouge, La., Breard Snellings, Ralph L. Kaskell, Jr., New Orleans, La., for appellees.

Before BORAH, TUTTLE and BROWN, Circuit Judges.

BORAH, Circuit Judge.

This case involves a collision between two automobiles which occurred at a street intersection in the city of Baton Rouge, Louisiana, on January 4, 1954. On this appeal appellants are seeking the reversal of certain orders and judgments which were entered below in favor of appellees against whom appellants had brought actions to recover damages for personal injuries.

The material facts to the extent that they need here be stated are these: On December 21, 1953, C. O. Fowler purchased a 1951 Plymouth sedan from Big Four Motors, Inc., giving as consideration therefor a cash payment and his promissory note for the balance due, which note was secured by a chattel mortgage on the vehicle. On the following day Fowler signed application for a certificate of title, but on the date of the accident and at which time he was driving his car, the certificate of title to the automobile had not been issued to him. In this connection, it should here be mentioned that Big Four Motors was insured by appellee General Accident Fire and Life Assurance Corporation, Ltd. under a garage keeper's policy of liability insurance containing an omnibus clause insuring any person driving insured's vehicles with the insured's consent.[1] Continental Casualty Company, the other appellee herein, was the insurer of the Chevrolet, owned by Alvie C. Nettles, which vehicle at the time of the accident was being driven by Mrs. F. M Nettles.

Following the accident, three suits were filed in the District Court and were docketed as Civil Actions Nos. 1345,

1. "Definition of insured. With respect to the insurance under coverages A, B, and D the unqualified word 'insured' includes the named insured and also includes * * * (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"

1357 and 1359. The first of these actions was brought by Mrs. Willie F. Fowler, a resident of Louisiana and a guest in the Fowler automobile, against Continental Casualty Company as insurer of the Nettles vehicle claiming damages for personal injuries in the amount of $10,-000. The second suit by another resident of Louisiana was filed by Alvie C. Nettles, as the administrator of the estate of his minor child, against both of the aforementioned insurance companies. In this suit the claim was that the minor who was a guest in the Nettles vehicle was injured by reason of the negligence of Mrs. Nettles and the gross negligence of Fowler. Damages against defendants, jointly and in solido, in the amount of $25,000 was prayed. The third suit was brought by Mrs. Susie Parker Nettles, a resident of Louisiana and a guest in the Nettles vehicle, against both insurance companies seeking $30,000 damages against the defendants, jointly and in solido, for personal injuries sustained by reason of the negligence of Mrs. Nettles and the gross negligence of Fowler.

Thereafter, Continental Casualty filed an action of interpleader in the Court below, docketed as Civil Action No. 1390 and named as defendants therein each of the plaintiffs in the three above-mentioned civil actions and in addition Mrs. Erin R. Fowler, a resident of Mississippi, who was guardian of Fowler's children by a prior marriage, and General Accident, a named co-defendant in Civil Actions Nos. 1357 and 1359. In this action the court's jurisdiction was invoked on the grounds of diversity of citizenship, and the right to interplead the named defendants was set forth in three numbered paragraphs which read as follows:

"10. The demands in the suits already filed by defendants against plaintiff by reason of this one accident aggregate the sum of Sixty-five thousand ($65,000.00) Dollars, and plaintiff is threatened with suits by some of defendants in the ·federal and state courts which will increase the aggregate demand.

"11. Plaintiff has denied liability in the suits filed by defendants and in future suits will deny liability to the defendant in any sum whatsoever as a result of the alleged losses, but plaintiff fears that if by any possibility judgments should be rendered in separate jurisdictions or in separate suits plaintiff may be deprived of its legal right to have its liability limited to the limits of the liability policy issued by plaintiff, since the aggregate of the demands against plaintiff exceeds the limits of the liability policy.

\* \* \* \* \*

"13. Plaintiff is without an adequate remedy at law and may suffer irreparable injury unless all those asserting claims by reason of the above described accident are required to litigate their claims in this proceeding and are restrained from asserting their claims in separate suits."

The defendants filed responsive pleadings and after a hearing the court made findings of fact and entered a judgment in which it was ordered:

"1. That Civil Actions Nos. 1345, 1357 and 1359 are hereby consolidated with this action under Civil Action No. 1390;

"2. That defendants are hereby permanently enjoined from instituting or prosecuting any action in any court against plaintiff, plaintiff's assureds or drivers, to enforce any claim relating to the accident of January 4, 1954, except in this action;

"3. That all claims arising from said accident shall be made herein at least thirty days prior to trial or by January 5, 1955, whichever date occurs first;

"4. That jurisdiction of this action is retained by the court for the determination of the rights of the defendants against the plaintiff by reason of the accident and policy of liability insurance involved herein."

Following the entry of this order, General Accident moved for summary judgments in its favor in Civil Actions Nos. 1357, 1359, and 1390 on the ground that its policy did not insure the Fowler vehicle. These motions were granted by the trial court in all three causes without assigning reasons therefor. The minute entries in two of the cases, Civil Actions Nos. 1357 and 1359, recite that the motion for summary judgment was granted "and there being no just cause of delay, the Clerk [was] instructed to enter judgment accordingly." These judgments were entered forthwith, but no appeal was taken therefrom within thirty days after the dates of their entry.

Having dismissed the several actions as to General Accident, the consolidated cases came on for trial pursuant to an order of court that they were to be tried to the jury on the question of liability only. At the close of the evidence in the case all of the parties moved for and were denied a directed verdict and the court, pursuant to Rule 49(a), Federal Rules of Civil Procedure, 28 U.S.C.A., submitted the following interrogatories to the jury: (1) "Was the driver of the Nettles car guilty of negligence proximately contributing to the accident?", and (2) "Was the driver of the Fowler car guilty of negligence proximately contributing to the accident?". The jury answered the first interrogatory "no" and the second "yes", whereupon the court entered judgment on the jury verdict dismissing the claims against Continental Casualty at the cost of the individual defendants in Civil Action No. 1390, and further ordered that Civil Actions Nos. 1345, 1357 and 1359 be dismissed at plaintiffs' cost. Appellants thereupon moved for judgment n. o. v. and a new trial upon the grounds that the evidence conclusively showed that Mrs. Nettles was guilty of negligence which proximately caused the appellants' damage, or in any event, that the jury's findings were so contrary to the preponderance of evidence as to warrant a new trial. These motions were denied.

On this appeal, appellants urged ten specifications of error which we compress and restate as follows: that the court erred (1) in granting summary judgment in favor of General Accident and in ordering appellants to try their cause against Continental Casualty in the absence of the co-defendant General Accident, on the ground that Fowler was not the owner of the Plymouth automobile, but was driving it with the permission of the owner who was General Accident's insured; (2) in consolidating and trying together the four civil actions, and in ordering all claimants against Continental Casualty to interplead their claims because the court was without jurisdiction to try this action as an interpleader action; (3) in trying the issue of negligence separately from the issue of damages; and (4) in refusing to grant appellants' motions for a directed verdict, for judgment n. o. v., and for a new trial, and in considering itself bound by the verdict of the jury notwithstanding the action was an equitable interpleader action not triable of right by a jury.

At the threshold we are met with the motion of appellee, General Accident, to dismiss this appeal on the ground that the notice of appeal, filed June 9, 1955, was not timely inasmuch as summary judgment in Civil Actions Nos. 1357 and 1359 were granted on November 12, 1954, and the minutes of the court show that the court specified, pursuant to Rule 54 (b), Federal Rules of Civil Procedure, that such judgments were entered because there was "no just cause of delay."

■ We are of opinion that the motion to dismiss the appeal should be denied for the all-sufficient reason that Rule 54(b) is applicable only in instances in which more than one claim for relief is presented. Steiner v. Twentieth Century-Fox Film Corp., 9 Cir., 220 F.2d 105; Gold Seal Co. v. Weeks, 93 U.S. App.D.C. 249, 209 F.2d 802. The present suit against alleged joint tort feasors presents but a single claim and the judgments dismissing General Accident were

interlocutory and subject to review only upon the final determination of the cause. Tauzin v. Saint Paul Mercury Indemnity Co., 5 Cir., 195 F.2d 223; Lewis v. E. I. DuPont De Nemours & Co., 5 Cir., 183 F.2d 29, 21 A.L.R.2d 757; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465.

■ We also think it clear that the court correctly granted the motions for summary judgment because the evidence shows that the Fowler automobile had been sold by General Accident's insured, Big Four Motors, Inc. Whether Fowler possessed a merchantable or marketable title[2] to the vehicle is certainly not determinative of whether he was in fact the owner. All of the requisites for perfecting a contract of sale having been accomplished, we hold that Fowler, not Big Four, was the owner of the vehicle. We find no provision in the policy of insurance and there is no provision in the Louisiana Certificate of Title Law[3] which changes the basic law of Louisiana concerning contracts of sale[4] or requires that public liability insurance coverage follow an automobile which has been sold by an insured until such time as its vendee acquires evidence of that ownership, i. e., a certificate of title.

. ■ Appellants' objection to the trial court's having consolidated the three civil actions with the interpleader action is also without merit. Consolidation of the several cases involving common questions of law and fact for trial under Rule 42, Federal Rules of Civil Procedure, was in all respects proper. Moreover, in view of the fact that as to the appellants, the judgment of interpleader had only the effect of consolidating the already pending actions against Continental Casualty, it is unnecessary for us to determine whether the interpleader action was properly brought under Rule 22, Federal Rules of Civil Procedure, since appellants were not and could not have been prejudiced by the court's action.

■ Nor do we find any merit in appellants' contention that the court erred in trying the issue of liability separate from the issue of damages. No prejudice has been shown and we think the court in furtherance of convenience rightly exercised its discretion under Rule 42 (b), Federal Rules of Civil Procedure.

■■ Equally without merit are appellants' contentions that the trial court erred in refusing to grant their motions for directed verdict, judgment n. o. v., and a new trial. Without setting forth the testimony in detail, we deem it sufficient to say that we agree with the trial court's conclusion that there was a substantial conflict in the evidence which precluded the direction of a verdict in favor of the appellants at the close of the evidence, as well as granting a judgment n. o. v. Swift & Co. v. Morgan & Sturdivant, 5 Cir., 214 F.2d 115. Finally, we are not convinced that the denial of appellants' motions for a new trial constituted an abuse of discretion. In-

2. LSA–Revised Statutes of 1950, 32:706 provides:
  "On and after December 15, 1950, except as provided in R.S. 32:705 and 32:-712, no person buying a vehicle from the owner thereof, whether such owner be a dealer or otherwise, hereafter shall acquire a marketable title in or to said vehicle until the purchaser shall have obtained a certificate of title to said vehicle."

3. LSA–Revised Statutes of 1950, 32:701 et seq.

4. LSA–Civil Code, Art. 2439 provides: "The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself. Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent." (Italics ours.)
  LSA–Civil Code Art. 2456 provides: "The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid."

deed, appellants do not argue the point and are deemed to have waived this assignment.

Finding no reversible error in the record, the judgment is

Affirmed.

JOHN R. BROWN, Circuit Judge (specially concurring).

I concur in the result and all that is so ably written except the statements, denying General Accident's motion to dismiss the appeal, that F.R.C.P. 54(b) applies only to instances in which more than one claim for relief is presented and not to the case of a "single claim" against alleged joint tort feasors. For reasons which I shall shortly file, I think this misconstrues Rule 54(b).