**ORE NAVIGATION CORPORATION,**
Petitioner,

v.

**Honorable Roszel C. THOMSEN, Chief Judge, United States District Court for the District of Maryland, and the United States District Court for the District of Maryland, Respondents.**

No. 7683.

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1958.

Decided June 5, 1958.

George W. P. Whip, Baltimore, Md. (Lord, Whip & Coughlan, Baltimore, Md., on petition), for petitioner.

Solomon Kaplan, Baltimore, Md. (Sol C. Berenholtz, Baltimore, Md., on memorandum), for Eugene Jackson in opposition to petition.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

Eugene Jackson, a merchant seaman, filed a libel in admiralty against Ore Navigation Corporation for injuries sustained aboard its vessel, SS Feltore. Suit was based on the Jones Act; there was no claim on account of unseaworthiness. Jackson had told his then lawyer that he preferred a jury trial, but he did not specifically instruct him to pray one. In the admiralty court there is, of course, no provision for trial by jury.

Several months after issue had been joined and interrogatories submitted by the shipowner and answered by Jackson, the latter, through a new lawyer, sought to dismiss his suit without prejudice so that he could proceed in a civil action in the Southern District of New York, for the same claim, to be tried before a jury there.

Judge Thomsen declined to permit dismissal of the suit because the Baltimore lawyer for the shipping company had already investigated the case, had done other work in connection with the litigation, and was already preparing for trial in the United States District Court for Maryland. After hearing the parties, the Judge found as a fact that most of the witnesses live in and around Baltimore and serve on ships which travel regularly to and from that city, and that it would be more convenient for both parties and their witnesses to try the case in Maryland, rather than in New York. Accordingly, he concluded that the

shipowner would be prejudiced by a trial elsewhere than in Maryland and that the interests of justice required the case to be tried there. He thereupon ordered the case transferred from the admiralty to the law side of the court to be tried before a jury. See, 46 U.S.C.A. Sec. 688.

Objecting to this action, the shipowner's attorney sought to protect his client's position by filing a notice of appeal to this court, and also by instituting the present petition for a writ of mandamus against the Judge, commanding him to rescind his order and restore the case to the admiralty docket. Although the appeal was noted, it was not further perfected; but it was agreed at the bar of this court, by counsel for both sides, that the proceeding here pending could be considered both as a petition for mandamus and as an appeal, so that there would be no uncertainty as to the rights of the parties in the event of a further appeal.

We think that the appeal at this stage of the proceedings is clearly premature, because the order transferring the case to the law side to permit a jury trial is not a final decision, the required basis for appeal under 28 U.S.C.A. Sec. 1291, Cf. Highway Engineering & Const. Co. v. Hillsborough County, 5 Cir., 1933, 67 F.2d 439; nor does it fall within the limited class of admiralty cases in which interlocutory decrees may be appealed, for it does not determine the "rights and liabilities of the parties." 28 U.S.C.A. Sec. 1292; Emerick v. Lambert, 6 Cir., 1951, 187 F.2d 786.

The law does not permit piecemeal appeals. Clinton Foods v. United States, 4 Cir., 1951, 188 F.2d 289, 290 et seq. Nor can a petition for mandamus be substituted to avoid the conditions of appellate review. Roche v. Evaporated Milk Association, 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 87 L.Ed. 1185. The attempt to raise the question by mandamus must also fail as premature.

Other questions, such as whether the seaman, having sued in admiralty, has made an election which is irrevocable and, therefore, should not now be permitted to proceed in a civil suit under the Jones Act, need not be decided now, but are reserved for future determination when and if this becomes necessary.

Appeal dismissed and mandamus denied.