**VIRGIN ISLANDS BAR ASSOCIATION, Petitioner**

v.

**EUSTACE V. DENCH, Respondent**

Civil A. No. 101 - 1953

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

Nov. 18, 1953

*See, also, 124 F. Supp. 257*
*Same case on appeal, see 3 V.I.*

GEORGE H. T. DUDLEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for petitioner.*

EUSTACE V. DENCH, New York City, respondent, *pro se.*

MOORE, *Judge*

Petitioner asks for a declaratory judgment declaring the rights of respondent with regard to the practice of law by him in the jurisdictions of New York and the Virgin Islands and presents two questions for the Court to determine:

1. Is respondent practicing law in two jurisdictions (New York and the Virgin Islands) or holding himself out as so practicing?

2. If he is practicing or holding himself out as practicing in two jurisdictions, is it permissible for him to do so?

Petitioner presented evidence to show that respondent has himself listed in a number of legal and other directories as a practicing attorney in the State of New York and in the Virgin Islands. The following listings, admitted by respondent, were presented to the Court and admitted in evidence without objection by respondent:

a) In the New York Telephone Directory and Classified Directory for 1952 as a lawyer with offices at 141 Broadway, New York City, and 209 West 125 Street, New York City, with residence at 809 Riverside Drive, New York City;

b) In the New York Lawyers Diary and Manual for 1952 with offices at 141 Broadway, New York City;

c) In Martindale-Hubbell Law Directory for 1952 and 1953 under the State of New York with offices at 141 Broadway, New York City, and Charlotte Amalie, St. Thomas, Virgin Islands, with appropriate cross reference indicating the maintenance of "offices at more than one place".

Petitioner contends that the listings in the manner described in these directories constitute prima facie evidence of practice and maintenance of law office in New York by respondent, or at the very least, they show an intent on the part of respondent to hold himself out as a prac-

ticing attorney in New York, in addition to practicing in the Virgin Islands.

Petitioner further contends that the maintenance of a law office in New York or even holding himself out as practicing in New York is a violation of the condition of respondent's admission to the Bar of the Virgin Islands, as well as contrary to his own representations in this court at the time of his admission. A transcript of the testimony taken at the time of respondent's admission was introduced in evidence.

This record clearly shows that respondent assured the Court that he would give up his New York practice and make the Virgin Islands his place of abode, and that upon that assurance respondent was granted admission to the Bar of the Virgin Islands. This court made it abundantly clear that only on condition that respondent wind up his affairs in New York and give up his practice of law there would he be admitted to practice in the Virgin Islands.

Respondent admits that he agreed to give up active practice of law in New York and contends that he has done so and that he maintains an office in New York for other purposes. Respondent's position is that as long as he is a member of the New York Bar he can have his name listed in New York law directories and still practice in the Virgin Islands without violating the conditions of his admission, so long as he does not actually practice in New York, taking cases as counsel of record.

██ In the opinion of this court the listing of respondent's name in current New York directories as a lawyer with offices in New York is tantamount to holding himself out as a practicing attorney free and willing to accept and handle New York cases. It might be pointed out here that the practice of law is not limited to the conduct of cases or litigation in court; it embraces "all advice to clients and all action taken for them in matters connected with the

334

law". 5 Am. Jur. 263. It must be held, therefore, that these listings are a violation of the terms of respondent's admission to practice in the Virgin Islands, as well as unethical conduct on the part of respondent.

■ ■ It is generally accepted that an attorney is an officer of the Court and, as such, an officer and arm of the state. See 7 C.J.S., Attorney and Client, § 4, p. 706 and 5 Am. Jur. 264. It follows that one cannot be an officer of two different states at the same time, and it has always been the understanding of this court that a lawyer cannot practice in two jurisdictions at the same time.

■-■ It is well established that the right to admission to practice law is governed in every jurisdiction by the local statutory provisions and the rules of court and that compliance with these requirements is prerequisite to the practice of law in that jurisdiction. 7 C.J.S., Attorney and Client, § 7, p. 712. One of the general requirements of an applicant for admission to the bar is that he be a resident of the state in which the application is made. This contemplates that he will maintain his residence in that state since one cannot be a resident of more than one state for the purpose of practicing law. It is common practice, however, for courts to permit members of the bar of other states to appear as counsel on the trial or argument of particular cases, but not to admit them to general practice while they are actively practicing in another state. While a lawyer may be on the roll of attorneys admitted to practice in more than one state, he can engage in active practice only in the state in which he is resident. It has been held that "a necessary corrollary of the rule requiring attorneys to be residents of the state is that the effect of the removal of an attorney from the state and of the establishment of a residence in another state is to suspend his right to practice law in the former state." See 160 A.L.R. 1372, 1373; In re Duncan, 83 S.C. 186, 65 S.E. 210, 24 L.R.A. (n.s) 750, 756.

■ It is, therefore, declared by this court that an attorney is not permitted to practice law in the Virgin Islands and another state at the same time. The Virgin Islands requires residence of its attorneys and other states require residence of their attorneys. No attorney can be domiciled in two places at the same time and, therefore, cannot fulfill the conditions of domicile in two separate jurisdictions.

In accordance with the conditions of defendant's admission that he would be resident in and practice law in the sole jurisdiction of the Virgin Islands, it is hereby declared that unless the defendant fully complies with this condition by removing his name from all law and other directories as an active and practicing attorney of New York within the earliest available opportunity, the Court will remove his name from the roll of attorneys admitted to practice in the Virgin Islands.