**SHIPLEY CORP.**

**v.**

**LEONARD MARCUS CO.**

**No. 11288.**

United States Court of Appeals Third Circuit.

Argued May 18, 1954.

Decided July 13, 1954.

Rehearing Denied Aug. 23, 1954.

---

494

---

Thomas Raeburn White, Philadelphia, Pa. (James Hunter, III, Archer, Greiner, Hunter & Read, Camden, N. J., Leonard Lazarus, Jamaica, N. Y., C. L. Cushmore, Jr., White, Williams & Scott, Philadelphia, Pa., on the brief), for appellants.

Howard Engel, Jersey City, N. J. (Stein, Stein & Engel, Jersey City, N. J., on the brief), for appellee Leonard Marcus Co.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

With jurisdiction depending upon diversity of citizenship, the plaintiffs have attempted to plead in the District Court for the District of New Jersey a case appropriate for the rendition of a declaratory judgment under Section 2201 of Title 28 of the United States Code, as derived from the original Federal Declaratory Judgment Act.

The plaintiffs, three individuals and two corporations, are citizens of Maryland, New York and Delaware. Through stock holdings and corporate control and management they claim to have been associated in an enterprise involving the building and selling of certain apartment houses. The defendant Leonard Marcus Company is a New Jersey corporation which has now acquired these structures. The defendant, John Dahlhausen, a citizen of New Jersey, is the subcontractor who, under contract with one of the plaintiffs, Jonathan Woodner Co., the principal contractor, installed the heating equipment during the building of the apartments. It is concerning this heating equipment that the plaintiffs say justiciable controversies exist between them and each of the defendants.

They define their controversy with Leonard Marcus Company in terms of a suit which that corporation has filed against all of them, except Jonathan Woodner Co., in a state court in New York charging breach of warranties as to the construction and condition of the aforesaid heating equipment. As to Dahlhausen they say that if the heating equipment is not as some of them have warranted to Marcus, this is because Dahlhausen breached his undertaking to plaintiff Jonathan Woodner Co. in installing the equipment. The complaint leaves in doubt the status of the other plaintiffs to assert whatever rights Woodner may have against Dahlhausen. But however that may be, the plaintiffs join Dahlhausen as a defendant with a view to making him bear ultimate responsibility for any defect or inadequacy of the equipment he installed. Thus, the district court is asked both to determine the very issues between four of plaintiffs and Marcus which are raised by the pending New York suit and also to adjudge that Dahlhausen is obligated to defend and indemnify them against the Marcus claim.

This suit was filed on October 6, 1953. At that time the state action in New York, which had been filed in 1952, was at issue and had been set down for trial on October 19, 1953. However, it was represented to the New York court that if it would stay its hand the issues between the parties could and would be disposed of expeditiously in the federal suit. Thereupon, over the objection of Marcus, the New York court stayed its proceedings pending disposition of the federal suit.

Marcus then filed in the present suit a motion to dismiss as to it. The motion was granted. This appeal is from the order dismissing the suit as to Marcus. However, the record shows no action on the claim against Dahlhausen except that while the Marcus motion was pending the parties stipulated that the time for Dahlhausen to plead be extended.

We have stated the facts thus elaborately because so stated they reveal a fatal defect in this appeal and at the same time show how different the course of this suit has been than the New York court anticipated when it elected to stay its proceedings.

■ This appeal cannot be entertained because under Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C., no final and appealable order has been entered. In the district court plaintiffs' claim against one defendant has been dismissed while the distinct, if related, claim it asserts against another defendant in the same suit is still pending. There has been no special determination and decision such as Rule 54(b) requires to make such an order disposing of less than all of the claims in suit immediately appealable. It follows that we have no authority to entertain this appeal. Cf. David v. District of Columbia, 1950, 88 U.S.App.D.C. 92, 187 F.2d 204; Pabellon v. Grace Line, Inc., 2 Cir., 1951, 191 F.2d 169. For more comprehensive analysis of the scope and effect of Rule 54(b), see Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267.

■■ Although this appeal must be dismissed on jurisdictional grounds, we think one additional observation is appropriate. The New York court thought that a stay of its proceedings would result in a speedy decision of the same issues in a more comprehensive federal suit in New Jersey. It is now clear that this was a mistaken view. Indeed, the course of the present suit to date leaves it at least doubtful whether it ever will reach decision on the merits. Of course the federal proceeding does not affect the legal power of the New York court to go forward at any time with the case pending before it. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 1938, 101 F.2d 514. But, beyond that we wish to make clear our opinion that no consideration of comity or deference to federal jurisdiction should cause the New York court further to stay its hand if in its present view justice will be better served by proceeding to trial and judgment in the pending New York case.

The appeal will be dismissed for want of jurisdiction.