**VIRGIN ISLANDS BAR ASSOCIATION**
v.
**EUSTACE V. DENCH, Appellant**

No. 11294

United States Court of Appeals
Third Circuit

Argued June 7, 1954
Decided September 8, 1954

*See, also, 215 F.2d 810*

EUSTACE V. DENCH, New York City and Charlotte Amalie,
Virgin Islands, *pro se*

GEORGE H. T. DUDLEY, Charlotte Amalie, Virgin Islands,
*for appellee*

Before BIGGS, *Chief Judge*, and GOODRICH and Mc-
LAUGHLIN, *Circuit Judges*

BIGGS, *Chief Judge*

The appellant, Eustace V. Dench, Esquire, an attorney
and counsellor at law in good standing of the Bar of the
State of New York, was admitted to the Bar of the Virgin

Islands on February 1, 1950 by the District Court of the Virgin Islands. Prior to his admission to the Bar of the Virgin Islands, the question was raised by the Bar Examining Committee as to whether or not, if admitted to that Bar, he should and would relinquish his practice as an attorney and counsellor at law of the State of New York. Mr. Dench was maintaining a partnership or was in association with Leon H. Murray, Esquire, a member of the New York Bar. The following colloquy took place between Mr. Dench and the court:

"Q. Mr. Dench, the question is: a week or so after you are admitted in the Virgin Islands and a client . . . comes to your office, do you intend to continue filing cases with yourself as the attorney of record, or of having them filed by Mr. Murray? A. That is something I would like for the Court to determine. I would much prefer to have them filed in my name. . . .

"Q. It would not be proper to ask the Court to determine whether you should file an action in the United States — what I am asking you is: is it your intention to continue to do so? A. I would not do it if I thought by doing it that would prevent my being admitted here.

"Q. Mr. Dudley [a member of the Bar Examining Committee] is asking if you were admitted today, is it your intention to continue filing cases as the attorney of record in New York? A. I would say then, if there is no prohibition in the Courts of this jurisdiction that I continue to file cases in New York City; I would like to continue to file them in my name . . . ."

Mr. Corneiro, who apparently was the counsel representing Mr. Dench, then said: "He [Mr. Dench] is willing to comply with any regulation that may be applicable to him."

The court then ruled as follows:

"Upon the assurance that he intends to give up his practice in New York as soon as his business is wound up, and upon that assurance and upon giving to the applicant the benefit of the doubt as to substantially complying with the ninety day rule, and since it is within the province of the Court in construing

that rule, the word 'residence' mentioned therein to mean 'physical abode', and it appearing that he has substantially complied with the 'physical abode' requirement, I am inclined to give him the benefit of the doubt; and *upon his assurance that he intends to practice law in the Virgin Islands and to give up the practice of law in New York City,* and upon the completion of his winding up his business and so forth, I would be inclined to admit him and, therefore, the Order will be that he will be admitted. I would be inclined to continue the matter until such time as he had given up his practice in New York, but in view of the fact that it seems *clearly unethical* for a lawyer to practice in two jurisdictions at the same time and, if there be any violation, his name could be removed from the Rolls, I think, under those circumstances, the Order can be drawn and that will be the Order of this court." (Emphasis added.)

The Court on the following day made an order in the usual form admitting Mr. Dench to the Bar of the Virgin Islands as an attorney at law and directed the clerk to issue the customary certificate to him. No qualification was imposed upon Mr. Dench's admission in the "Judgment" or order of the court admitting him to the Bar of the Virgin Islands. But the order contained two recitals. The first was to the effect that Mr. Dench had been found to be qualified to practice law by the Bar Examining Committee of the Virgin Islands but that the Committee was of the view that the "residence requirement had not been met" by Mr. Dench. The second recital stated that after hearing the testimony of Mr. Dench and the arguments of the Bar Examining Committee and Mr. Corneiro, the Court found that the "residence requirement" had been met by Mr. Dench. It is not clear, as will appear hereinafter, what was the "residence requirement" to which reference was made.

On March 9, 1953, the Virgin Islands Bar Association filed a petition in the District Court of the Virgin Islands, in substance reciting that Mr. Dench had continued his New York practice and was continuing it; that, therefore, he had not lived up to the "assurance" of which the Court

had spoken prior to the entry of the judgment admitting him to the Bar of the Virgin Islands, viz., that he, Mr. Dench, intended "to give up his practice in New York as soon as his business . . . [was] wound up, . . ."

The Bar Association petition recites listings of Mr. Dench in the New York Telephone Directory, in the Martindale-Hubbell Law Directory and in the New York Lawyers Diary and Manual indicating that he still — to employ the phrase of the petition — "hold[s] himself out as an active, practicing attorney in State of New York, in addition to his practicing in the Virgin Islands . . . ." The petition goes on to allege: "That said attitude and dual practice is prejudicial to the conduct of business in the Courts of this jurisdiction and to the members of the bar of the Virgin Islands". The petition closes with a prayer for a judgment declaring the rights of Mr. Dench to practice law in both New York and the Virgin Islands.[1]

To this petition Mr. Dench filed an answer alleging that the quotations from the minutes of the hearing on his admission quoted in the petition and in this opinion are "out of context and . . . [do] not present all of the true picture of respondent's [Mr. Dench's] declaration." Mr. Dench, however, does not categorically deny that the court admitted him to the Bar of the Virgin Islands upon an "assurance" that he would wind up his "business" in New York.

An Ordinance was enacted by the colonial council of the municipality on February 20, 1919, ". . . to better provide for the appointment of attorneys, their admission to practice, their duties and authority, and for other purposes." It appears that this Ordinance with one minor amendment, not here pertinent, was in effect on February

[1]The petition of the Virgin Islands Bar Association closes with the following prayer: "Wherefore, petitioner prays that the Court grant a declaratory judgment, declaring the rights of respondent with regard to the practice of Law by him in the jurisdictions of New York and the Virgin Islands."

1, 1950, when Mr. Dench was admitted to the bar. Section 3 of the Ordinance provides for the admission of an attorney "without further examination as to the applicant's learning and ability" on a certificate showing him to have been duly admitted to practice as an attorney in the highest courts of any state. The Ordinance contains no provision as to residence pertinent to the problem before us.[2]

On July 10, 1950, after Mr. Dench's admission, new "Rules and Regulations" governing the admission of attorneys to the Bar of the Virgin Islands were adopted by the Court below. Paragraph 3b of the section concerning admission by examination and paragraph b of the section concerning admission of attorneys licensed in other states of these "Rules and Regulations" both provide, "That immediately preceding the filing of his application for admission . . . [the applicant must show that he] has been an actual inhabitant and bona fide resident of the Virgin Islands for at least ninety (90) days; and that at least sixty (60) days before the filing of the said application he has also filed with the Clerk of the Court . . . a declaration of his intention to file such application for admission; and that he intends to continue to reside in and to practice law in the Virgin Islands . . ."

Section 3 of the General Provisions of the "Rules and Regulations" of 1950 provides that, "The canons of professional ethics adopted by the American Bar Association are the Code of Ethics to be followed by the members of the Bar of the Virgin Islands."

Neither the Ordinance of 1919 nor the Rules and Regulations of 1950 contain any express prohibition against an attorney admitted to the Bar of the Virgin Islands practicing in, or being a member of a bar of, a state. The Ordi-

[2]Section 4 contains the only provision as to residence in the Ordinance and this relates only to the status of citizens of the United States or of Danish subjects in accordance with Article 6 of the Convention or Treaty ceding the Virgin Islands to the United States (prec. 1 V.I.C.).

nance of 1919, in effect when Mr. Dench was admitted, does not, as we have pointed out, even contain a pertinent residence requirement. The Constitution of the Virgin Islands Bar Association contains no residence requirement relating to admission. Article II, section 1, provides that, "Any person who is a member in good standing of the Bar of the Virgin Islands shall be admitted, upon application, to general membership of the Virgin Islands Bar Association."

Following the admission of Mr. Dench when, apparently, it became known to the Virgin Islands Bar Association that he was continuing his practice in New York State, Mr. Corneiro, as a member of the Grievance Committee of the Virgin Islands Bar, wrote to Henry S. Drinker, Esquire, of Philadephia, Chairman of the "Standing Committee on Professional Ethics and Grievances" of the American Bar Association, and inquired of Mr. Drinker, inter alia: "Would it be unethical, illegal or improper for an attorney admitted to practice in the Virgin Islands but also admitted to practice in New York, to maintain a partnership in New York, while practicing individually in the Virgin Islands[?]". Mr. Drinker, as Chairman of the Committee, replied: " . . . I see no reason why a lawyer admitted both in the Virgin Islands and in New York, may not maintain an office in each place and have his letters show both offices, provided that his New York office is a bona fide office and that he is there from time to time, and available there for consultations." Mr. Drinker also referred to and quoted Canon 33 of the "Canons of Practice" of the ABA, which provides that lawyers admitted in different states may be in partnership together, and referred to Opinion 256 of the committee relating in substance to listing in law directories of members of partnerships not all admitted to practice in the state where the listing is published. The Opinion states that such listings are ethically unobjection-

able. The communications to and from Mr. Drinker are part of the record before us.

On October 28, 1953 the District Court of the Virgin Islands conducted a hearing on the petition of the Virgin Islands Bar Association. Mr. Dench appeared pro se at this hearing. We find no transcript of this hearing in the record. On November 18, 1953, the court below filed an opinion (2 V.I. 331, 336), 124 F. Supp. 257, in which, inter alia, the following was stated [page 259]:

"It is, therefore, declared by this court that an attorney is not permitted to practice law in the Virgin Islands and another state at the same time. The Virgin Islands requires residence of its attorneys and other states require residence of their attorneys. No attorney can be domiciled in two places at the same time and, therefore, cannot fulfill the conditions of domicile in two separate jurisdictions.

"In accordance with the conditions of defendant's admission that he would be resident in and practice law in the sole jurisdiction of the Virgin Islands, it is hereby declared that unless the defendant fully complies with this condition by removing his name from all law and other directories as an active and practicing attorney of New York within the earliest available opportunity, the Court will remove his name from the roll of attorneys admitted to practice in the Virgin Islands."

An order was entered January 28, 1954 requiring Mr. Dench to inform the publishers of the directories, referred to at an earlier point in this opinion, to remove his name as an attorney practicing in New York. The order goes on, however, and in its final paragraph provides that the Virgin Islands Bar Association " . . . may move upon proper notice to . . . [Mr. Dench] for the striking of . . . [his] name . . . from the roster of practicing attorneys in the Virgin Islands." The appeal at bar followed. Despite the unequivocal declaration in the opinion of the court below both as to Mr. Dench's status and as to what action the court contemplates, the order entered by the court and here on appeal is very different in substance

527

from the opinion. This causes most of our difficulties in disposing of the instant appeal.

We are thus met in limine with the question of whether the order of January 28, 1954, is appealable. 28 U.S.C. § 1291 (Supp. 1953) grants the "courts of appeal . . . jurisdiction of appeals from all final decisions of the . . . District Court of the Virgin Islands, . . . ". The Bar Association's petition is cast in form, at least, as a "pleading" seeking a declaratory judgment to determine Mr. Dench's rights. See 28 U.S.C. §§ 2201 and 2202. The last sentence of section 2201 provides: "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Whether an attorney's right to remain as a member of the bar may be determined under the Declaratory Judgments Act is one which we need not pass upon at least at this stage of the proceedings. It is also unnecessary to determine whether the Virgin Islands Bar Association by its president has standing to maintain the suit in an adversary capacity. This is so because the order of the Court below does not finally dispose of the controversy so that an appeal may properly be brought to this court. The second paragraph of the order directs Mr. Dench to do certain things, viz., to inform three New York publishers that his name is no longer to be carried as an attorney-at-law in their directories but if he shall fail to do so, the imposition of the penalty suggested in the final paragraph of the order appealed from, viz., disbarment, is dependent on possible future action to be taken by the Virgin Islands Bar Association. The Bar Association may move "upon proper notice" to have Mr. Dench's name struck from the roll of attorneys. Non constat the Bar Association may think better of it and may never move to have Mr. Dench's name struck. We cannot construe the word "may" as the equivalent of "shall". Moreover even if the Bar Association were to move to

strike Mr. Dench's name it does not follow that the court below necessarily would strike it. So regarding the order appealed from we cannot agree that the order is a final decision within the meaning of Title 28 U.S.C. § 1291, over which we have appellate jurisdiction. And the last sentence of the Declaratory Judgments Act, 28 U.S.C. § 2201, will not serve to make the order complained of final and thus appealable. The order simply did not make a declaration of Mr. Dench's status so as to be a ". . . declaration [that] shall have the force and effect of a final judgment or decree . . . ."

Since there is nothing final about the decision the appeal at bar will be dismissed. See Shipley Corp. v. Leonard Marcus Co., 3 Cir., 1954, 214 F.2d 493, and the authorities cited therein.