**Barbara L. MEADOWS and Molly Thomason, Appellants,**

v.

**The GREYHOUND CORPORATION and Martha Maddox, as Administratrix of the Estate of Joseph Galentine, deceased, Appellees.**

No. 15847.

United States Court of Appeals Fifth Circuit.

June 28, 1956.

Murray Sams, Jr., Phillip Goldman and Sams & Anderson, Miami, Fla., for appellants.

Willis H. Flick, Warren D. Hamann and T. J. Blackwell, John G. Poole, Jr., Blackwell, Walker & Gray, Miami, Fla., for appellee, the Greyhound Corp.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

In this appeal from a summary judgment in favor of one of two defendants sued as joint tort-feasors in a suit

brought by passengers of a Greyhound bus against the bus company and the personal representative of the deceased driver of the automobile which collided with the bus, the Court must first determine whether the judgment below is appealable. The question arises under a construction of Rule 54(b), F.R.C.P.[1] The courts have not always treated uniformly the problem presented when a trial court enters a judgment as to one of several joint defendants or cross-defendants where but a single cause of action or claim is involved. A good analysis of the subject is contained in Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105.

This Court had not passed directly on this question until, in the case of Nettles v. General Accident Fire and Life Assurance Corporation, 5 Cir., 234 F.2d 243, the precise question was presented and decided by the Court. There the joint defendant had not appealed from a judgment dismissing the action against it as one of several defendants until after the entire case was tried and disposed of on its merits. Upon such later appeal the joint defendant moved to dismiss on the ground that the appeal was not timely presented in view of the failure of the plaintiff to take advantage of Rule 54(b) and take a direct appeal within the required time. This Court there said:

> "At the threshold we are met with the motion of appellee, General Accident, to dismiss this appeal on the ground that the notice of appeal, filed June 9, 1955, was not timely, inasmuch as summary judgment in Civil Actions Nos. 1357 and 1359 were granted on November 12, 1954,

and the minutes of the court show that the court specified, pursuant to Rule 54(b), Federal Rules of Civil Procedure, that such judgments were entered because there was 'no just cause of delay.'

> "We are of opinion that the motion to dismiss the appeal should be denied for the all-sufficient reason that Rule 54(b) is applicable only in instances in which more than one claim for relief is presented. Steiner v. Twentieth Century-Fox Film Corp., 9 Cir., 220 F.2d 105; Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802. The present suit against alleged joint tort feasors presents but a single claim and the judgments dismissing General Accident were interlocutory and subject to review only upon the final determination of the cause. Tauzin v. Saint Paul Mercury Indemnity Co., 5 Cir., 195 F.2d 223; Lewis v. E. I. Du Pont De Nemours & Co., 5 Cir., 183 F.2d 29, 21 A.L.R.2d 757; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465."

Here, also, there was a dismissal as against one of two joint tort-feasors in an action constituting but a single "claim." Much can be said both for and against enlarging the language of the rule to include judgments for or against less than all the parties in a single claim. In a particular case it may appear to be unfortunate that the plaintiff in a case such as this may have to go to trial against only one of two parties he claims are jointly liable to him. Such plaintiff will argue that he should have a decision of the appellate courts on this question of

---

1. "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or

other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948."
Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

the liability of the eliminated party before proceeding further. Equal criticism can be made, however, of a rule which would require one party or the other to appeal from each summary judgment passing on the liability of less than all the defendants in a joint suit before proceeding to trial against any remaining defendant. Be that as it may, it is our function to apply the rule, not to amend it.[2] We cannot stretch the terms "upon one or more but less than all of the claims" to mean also "for or against one or more but less than all of the parties." The Advisory Committee, in writing the rules, and the Supreme Court, in adopting them, were all too familiar with the words "claim" and "parties" as words of art in the law for us now to say they mean the same thing.

On the authority of Nettles v. General Accident Fire and Life Assurance Corporation, supra, we find that the judgment appealed from is not a final judgment. It is interlocutory only, and is thus subject to being modified or vacated by the trial court until the final trial and judgment in the case.

The appeal must be dismissed.

---

2. Moore expresses the view that where multiple parties are jointly charged, only one claim is involved "and there is no warrant in the amended Rule to treat a partial adjudication of that interest or 'claim' as a final judgment." He appears, however, to approve a change in the Rule to accommodate it to the final disposition of a single claim for or against less than all of the parties. See 6 Moore's Federal Practice, § 54.34(2), p. 248.