The EMPLOYERS LIABILITY ASSUR-
ANCE CORPORATION, Ltd.,
Appellant,

v.

Arthur J. KAHN et al., Appellees.

No. 16928.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1958.

Howard B. Gist, Jr., Gist, Murchison & Gist, Alexandria, La., for appellant.

Grove Stafford, Alexandria, La., Oliver P. Stockwell, Fred H. Sievert, Jr., Plauche & Stockwell, Lake Charles, La., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

This suit for damages for the death of their son in a collision accident was brought by the plaintiffs, Arthur Kahn and his wife, under the Direct Action Statute of Louisiana, against the Employers Liability Insurance Corporation, Ltd., as the insurer of Uranium Lumber Company, Ltd., owner of one of the cars involved in the collision.

The original defendant denied liability and by third party complaint brought into the litigation Fidelity & Casualty Company of New York as the insurer of the other vehicle involved in the accident in question, contending that the negligence of the driver of that vehicle was the proximate cause of the accident, and that Fidelity & Casualty Company, as the insurer of that vehicle was at least jointly responsible with this defendant. Thereupon third party defendant, Fidelity & Casualty Company of New York moved to dismiss the third party complaint for failure to state a cause of action, the complaint was dismissed by the trial judge, and this appeal followed.

Conceding that, on the basis of prior rulings in the state and federal courts to the effect that as a matter of substantive law of the State of Louisiana there can be no contribution as between joint feasors unless there be judgment rendered against them in solido, the judgment was right, appellant urges upon us that this is no longer the case because the joinder of the third party defendant is permissible under the newly enacted Louisiana Third Party Practice Act, LSA–R.S. 13:3381 and Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Recognizing, however, that this court must in limine determine whether the appeal is one of which it has jurisdiction, appellant, meeting the issue squarely, frankly states that in its opinion the order was interlocutory and not appealable. In support of this view, it points out that the court did not make the determination required under Rule 54(b), Rules of Civil Procedure, and cites C.B. S. Steel & Forge Co. v. Shultz, 9 Cir., 191 F.2d 683; Ford Motor Co. v. Milby, 4 Cir., 210 F.2d 137; Winsor v. Daumit, 7 Cir., 179 F.2d 475, holding that where applicable the rule must be strictly complied with.

Appellees, on their part, opposing this view, cite and strongly rely on Tomlin-

son v. Poller, 5 Cir., 220 F.2d 308 as sustaining their position. We cannot agree. That case arose and went off on facts and considerations entirely different from those prevailing here. The case controlling here is Lee v. Porcelain Patch & Glaze Corp., 5 Cir., 240 F.2d 763.

The appeal is dismissed.