Mrs. Catherine Ann **REAGAN** and
Charles H. Reagan, Appellants,

v.

**TRADERS & GENERAL INSURANCE
COMPANY et al., Appellees.**

**No. 17107.**

United States Court of Appeals
Fifth Circuit.

June 5, 1958.

H. Alva Brumfield, Baton Rouge, for appellants.

Thomas L. Raggio, Lake Charles, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This case arises from an accident which occurred on February 26, 1956, at Daugherty's Post Office Cafe in Lake Charles, Louisiana. The plaintiffs filed suit on January 14, 1957, against Traders & General Insurance Company, the liability insurer of the cafe owners, for $90,000. The insurance company's motion to reduce the demands of plaintiffs to $10,000 was granted by the district court upon the ground that this sum represented the maximum limit of the policy in question. On August 8, 1957, plaintiffs filed an amended complaint seeking to bring the owners of the cafe into the suit as parties defendant and again raising the damages demand to $90,000. The cafe owners then moved to dismiss as to them on the ground that the plaintiffs' cause of action as against them was barred by the Louisiana one year statute of limitations. LSA–Civil Code art. 3536. The motion to dismiss was granted and a motion for rehearing by the plaintiffs

was denied. The plaintiffs appeal primarily on the ground that Article 2097 of the LSA–Civil Code [1] has tolled the statute of limitations.

The appellees have moved to dismiss the appeal, and since we find the order below not appealable we need not discuss the merits.

■ Stated succinctly this case involves a single claim asserted against multiple defendants with the dismissal as to some leaving a suit remaining as to others. Since an appeal can be taken only from a final judgment, 28 U.S.C.A. § 1291, this suit will not become appealable until the claim has been adjudicated as to all parties.

■■ Although some Courts of Appeals in some judicial circuits have held or appear to have held that Rule 54(b), Fed.Rules Civ.Proc., 28 U.S.C.A.,[2] is applicable to a multiple party situation as well as to multiple claims,[3] this Court has expressly held in Meadows v. Greyhound Corporation, 5 Cir., 235 F.2d 233, that the rule cannot be so extended. We stated there:

"In a particular case it may appear to be unfortunate that the plaintiff in a case such as this may have to go to trial against only one of two parties he claims are jointly liable to him. Such plaintiff will ar-

1. Article 2097 states: "A suit brought against one of the debtors in solido interrupts prescription with regard to all."

2. Rule 54(b) provides:
   "Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or

other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

3. Colonial Airlines v. Janas, 2 Cir., 202 F.2d 914; Williams v. Protestant Episcopal Theological Seminary in Virginia, 91 U.S.App.D.C. 69, 198 F.2d 595, certiorari denied 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670; Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 195 F.2d 853; Lopinsky v. Hertz Drive-Ur-Self, 2 Cir., 194 F.2d 422; Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334. Other circuits have refused to extend the rule to multiple party instances. Luria Brothers & Company v. Rosenfeld, 9 Cir., 244 F.2d 192; Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 220 F.2d 105; Hardy v. Bankers Life & Cas. Co., 7 Cir., 222 F.2d 827; Shipley Corp. v. Leonard Marcus Co., 3 Cir., 214 F.2d 493.

gue that he should have a decision of the appellate courts on this question of the liability of the eliminated party before proceeding further. Equal criticism can be made, however, of a rule which would require one party or the other to appeal from each summary judgment passing on the liability of less than all the defendants in a joint suit before proceeding to trial against any remaining defendant. Be that as it may, it is our function to apply the rule, not to amend it. We cannot stretch the terms 'upon one or more but less than all of the claims' to mean also 'for or against one or more but less than all of the parties.' The Advisory Committee, in writing the rules, and the Supreme Court, in adopting them, were all too familiar with the words 'claim' and 'parties' as words of art in the law for us now to say they mean the same thing." 235 F.2d 233, 234.

Furthermore, in each of the cases in which Rule 54(b) has been applied, the district court acted affirmatively in directing the entry of final judgment after an express determination that there was no just reason for delay. This process is now a prerequisite for the application of Rule 54(b). Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Russell v. Hackworth, 9 Cir., 233 F.2d 503; Farmer v. Powers, 5 Cir., 204 F.2d 509. In the instant case there was no mention of Rule 54(b) or the entry of final judgment by the district court.

This case must then be governed by the line of cases which have held that an appeal cannot be taken from the lower court's order dismissing one or several defendants while there remains a controversy as to other defendants in the same claim.[4] The dismissal as to the cafe owners is, of course, interlocutory and is subject to being modified or va-

cated by the trial court until final judgment in the entire case has been rendered.

Appeal dismissed.

---

4. Employers Liability Assurance Corp. v. Kahn, 5 Cir., 251 F.2d 460, 461; Lee v. Porcelain Patch and Glaze Corporation, 5 Cir., 240 F.2d 763; Nettles v. General Accident Fire & Life Assur. Corp., 5 Cir., 234 F.2d 243; Tauzin v. St. Paul Mercury Indemnity Company, 5 Cir., 195 F.2d 223.