Ephraim **TOMLINSON**, 2d, Administrator of the Estate of Glenn R. Wenrich, Deceased, Appellant,

v.

**TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA** (Defendant and Third Party Plaintiff); **Franklin X-Ray Corporation** and **Eugene P. Pendergrass, M.D., John F. McCarthy, Inc.** (Third Party Defendant) and **Picker X-Ray Corporation** (Third Party Defendant).

No. 12694.

United States Court of Appeals Third Circuit.

Argued Feb. 18, 1959.

Filed April 27, 1959.

**570**

James W. Tracey, 3d, Philadelphia, Pa., (John Stewart, Jr., Raspin, Espenshade, Heins, Erskine & Stewart, Philadelphia, Pa., on the brief), for appellant.

Michael A. Foley, Philadelphia, Pa., (John J. Tinaglia, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

Plaintiff's decedent, Wenrich, employed by J. R. McCarthy, Inc., as an electrician, on March 16, 1956, while engaged in installing an intercommunications system in the radiology department of the University of Pennsylvania Hospital, was electrocuted by high voltage wires in a "crawl-space". The original complaint, asserting several acts of negligence by the respective defendants, was filed against The Trustees of the University of Pennsylvania (Trustees), an eleemosynary corporation of the Commonwealth of Pennsylvania, Franklin X-Ray Corporation, a Pennsylvania business corporation alleged to be in charge of maintenance of the department and Dr. Eugene P. Pendergrass, a physician specializing in radiology whose offices were in the radiology department of the hospital. A paragraph of the complaint also charges, alternatively, that "the defendants, jointly and severally, maintained and operated said radiology department and the crawl space above, in such a way as to be an ultra-hazardous activity, or a nuisance, to the damage of the plaintiff's decedent." Third-party complaints were filed by some of the defendants against John F. McCarthy, Inc. Another company, Picker X-Ray Corporation, alleged to have installed the X-Ray equipment, has also been named a defendant in a separate third-party complaint. The plaintiff, administrator of the estate of Wenrich, is a citizen of New Jersey. Jurisdiction is based on diversity.

The defendant-appellee, the Trustees, moved for judgment on the pleadings, Rule 12(c), F.R.Civ.P. 28 U.S.C., on the ground that an eleemosynary institution such as the Trustees, is not required to answer in damages for its own torts or those of its agents. Knecht v. St. Mary's Hospital, 1958, 392 Pa. 75, 140 A.2d 30. The court below granted this motion and the appeal followed.

The judgment dismissing the action as to the Trustees is not appealable. Section 1291, 28 U.S.C. and Rule 54(b), F.R.Civ.P. 28 U.S.C. Judgment has been entered only on the causes of action asserted against the Trustees. The court below did not make the determination required by Rule 54(b) that there is no just reason for delay and express direction for the entry of the judgment if the judgment appealed from is to be deemed appealable. See and compare Shipley Corporation v. Leonard Marcus Co., 3 Cir., 1954, 214 F.2d 493, District 65, etc., v. McKague, 3 Cir., 1954, 216 F.2d 153, and Higgins v. Shenango Pottery Co., 3 Cir., 1958, 256 F.2d 504. Indeed it is difficult to perceive how the ends of justice could be served here by piecemeal appeals. We do not have jurisdiction to entertain the appeal from the judgment complained of. Accordingly the appeal will be dismissed.