Herman HOWZE, Appellant,

v.

ARROW TRANSPORTATION COM-
PANY and Zurich Insurance
Company, Appellees.

No. 18299.

United States Court of Appeals
Fifth Circuit.

June 30, 1960.

Ross Diamond, Jr., Mobile, Ala., Jacob Rassner, New York City, for appellant.

P. A. Gaudet, New Orleans, La., Charles B. Bailey, Jr., Mobile, Ala., for appellees.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The question before us is the applicability of Rule 54(b), Fed.Rules Civ. Proc. 28 U.S.C.A. covering multiple claims, when there is only a single cause of action.[1]

---

1. Rule 54(b) provides: *"Judgment Upon Multiple Claims.* When more than one claim for relief is presented in an ac- tion, whether as a claim, counterclaim, cross-claim, or third-party claim the Court may direct the entry of a final

Herman Howze, appellant, a longshoreman employed by the Alabama State Docks Department at Mobile, was injured while unloading a cargo of bulk corn from an unmanned barge. Howze sued Arrow Transportation Company, owner of the barge, alleging that his injuries were caused by Arrow's negligence or by the unseaworthiness of the barge.

Arrow answered, denying that Howze's injury was caused by Arrow's negligence or that the barge was unseaworthy. Arrow also filed a third-party complaint against Zurich Insurance Company, the insurer of the Alabama State Docks Department, alleging that at the time Howze was injured the barge was in the exclusive custody and control of the Alabama State Docks Department and that if there was any liability to Howze, only the State Docks Department was liable. Arrow's third-party complaint against Zurich, the insurer, was filed under a policy provision allowing a direct action against Zurich for indemnity for any amounts for which Arrow might be held liable for such accidents as Howze suffered. The prayer in the third-party complaint is in the usual form for indemnity "for such sum, if any, as plaintiff may be awarded against Arrow".

Howze did not amend his complaint to assert a cause of action against Zurich. Zurich answered the third-party complaint, denying liability but asserting the right to be reimbursed for workmen's compensation benefits paid to Howze or for the benefit of Howze—in the event Howze should recover from Arrow.

Thus, Arrow's claim against Zurich and Zurich's right to reimbursement from Howze are both conditioned and dependent on the success of Howze's action against Arrow. And, of course, judgment in favor of Arrow would dispose of Arrow's claim against Zurich and Zurich's claim against Howze.

The district court granted Arrow's motion for summary judgment August 5, 1959. Howze filed a notice of appeal December 28, 1959, long after expiration of the thirty day period for appeal provided in Rule 73(a).

Appellant contends that the action involves multiple claims and under Rule 54(b) there was no order of final judgment as to all claims; that the judgment of the district court does not contain a certification that "there is no just reason for delay" and "an express direction for the entry of judgment" as required by Rule 54(b) in actions involving multiple claims when final judgment upon less than all the claims is entered. December 4, 1959, the district court on its own motion entered an "Order of Final Dismissal".

There is no doubt that in a case involving multiple claims a dismissal as to one of the claims without complying with Rule 54(b) does not constitute a final judgment from which the parties may appeal.[2] But as this case reached us, it

judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948."

2. "This arrangement already has lent welcome certainty to the appellate procedure. Its 'negative effect' has met with uniform approval. The effect so referred to is the rule's specific requirement that for 'one or more but less than all' multiple claims to become appealable, the District Court must make both 'an express determination that there is no just reason for delay' and 'an express direction for the entry of judgment.' A party adversely affected by a final decision thus knows that his time for appeal will not run against him until this certification has been made." Sears, Roebuck & Company v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 899, 100 L.Ed. 1297. See Shipley Corp. v. Leonard Marcus Co., 214 F.2d 493; District 65, Distributive, Processing and Office Workers Union of N. Y., etc., v. McKague, 3 Cir., 216 F.2d 153; Winsor

was not one involving multiple claims. Had the plaintiff amended his complaint to assert a claim against Alabama State Docks or its insurer, we would have had a complaint involving multiple claims. Here, however, there is only one defendant in the case and that defendant has asserted no claim against the plaintiff. Arrow's claim for indemnity against Zurich is dependent entirely on the possibility of Arrow's being held liable to Howze. It "is so completely incidental to and dependent upon the principal claim that there can be no recovery upon the third-party claim unless the plaintiff prevails on the principal claim". Panichella v. Pennsylvania Railroad Company, 3 Cir., 1958, 252 F.2d 452, 455. Similarly, Zurich's right to reimbursement for compensation benefits would not arise until there would be a judgment in favor of Howze.

In granting summary judgment in favor of Arrow and in dismissing Howze's complaint, the trial judge decided the only question before him for decision. There was no occasion, therefore, for any further action to render it final under Rule 54(b). General Time Corp. v. Padua Alarm Systems, 2 Cir., 1952, 199 F.2d 351. After the judgment on August 5, 1959, Arrow's claim against Zurich for indemnity and Zurich's right to reimbursement from Howze were moot. There was nothing for which Arrow could be indemnified and no basis for Zurich to be reimbursed by Howze.

The order of December 4, 1959, did not change the legal effect of judgment of August 5, 1959.[3] The August judgment disposed of the case and was the judgment from which Howze should have appealed.[4] In view of his failure to appeal from that judgment within thirty days, this present appeal must be dismissed.

JOHN R. BROWN, Circuit Judge (dissenting).

If I were a lawyer interested in (a) a timely appeal but (b) not imposing unnecessary labor on overworked appellate courts, I would be confused.

A complaint followed by an answer and an impleader of a third party defendant is either a multiple claim under F.R.Civ. P. 54(b) or it is a single cause of action involving multiple parties. If it is the first, then Rule 54(b) expressly applies. A determination has to be made that "there is no just reason for delay" otherwise it is "subject to revision at any time before the entry of judgment adjudicating all the claims."

If, on the other hand, as the court's opinion seems to imply there was but "one cause of action" with a party and conditional parties, our prior decisions require that the whole thing await the final action as to all. Nettles v. General Accident Fire & Life Assur. Corp., 5 Cir.,

v. Daumit, 3 Cir., 179 F.2d 475; Meadows v. Greyhound Corp., 5 Cir., 235 F. 2d 233; Pabellon v. Grace Line, 2 Cir., 191 F.2d 169.

3. The order, in part, reads: "The Court having granted on the 4th day of August 1959, the motion of the defendant Arrow Transportation Company for summary judgment, holding in effect that the defendant as a matter of law was entitled to judgment dismissing the complaint against it; and It appearing from the third-party complaint of Arrow Transportation Company, filed herein against Zurich Insurance Company, that the said insurance company was pleaded on the sole ground that 'in the event Arrow is held to have incurred any liability to the plaintiff Herman Howze ' * * * Arrow is entitled to indemnity from Zur-

ich * * *'; it is now, of the Court's own motion Ordered, Adjudged and Decreed that this cause of action be and it hereby is dismissed on the merits."

4. "No form of words is necessary to evidence the rendition of a judgment. If the language used by the court clearly evidences the judge's intention that it shall be his final act, it constitutes a final judgment, and when such intention has been so evidenced and the docket entry has been made a final judgment has been pronounced and entered and the time to appeal starts to run. The later filing and entry of a more formal judgment could not constitute a second final judgment in the case nor extend the time to appeal." Erstling v. Southern Bell Tel. & Tel. Co., 5 Cir., 1958, 255 F.2d 93, 95.

1956, 234 F.2d 243, with which I did not agree but which now binds me, was almost simultaneous with Meadows v. Greyhound Corp., 5 Cir., 1956, 235 F.2d 233. In the Meadows case the Court set forth that if it is but a single cause of action involving multiple parties, it is not a multiple claim. So much is that so that a certification under 54(b) is completely ineffectual.

Now we come up with something in between. It is not a single cause of action a la Meadows "involving" maybe-multiple parties depending on some judicial action somewhere down the line.

What does the lawyer do? He must appeal from every possible order—even those that name but some of the parties. When he does so, the whole case stops—but not the judicial machine. Its wheels spin merrily along. The District Clerk's office is diverted for preparation of the appellate record. It is lodged with the Court of Appeals. Then comes the motion to dismiss. We have many of these every year. E. g., Jewell v. Grain Dealers Mutual Ins. Co., 5 Cir., 1959, 273 F.2d 422. Sustained as the motion must be, the case goes back for the "first" trial and a second appeal. A year has generally run out and the statistics reflect the added work.

Conscientious lawyers deplore this. But it is not of their making. And we must acknowledge that a prudent advocate will not run the risk of outguessing the Court of Appeals on when a many-partied-case is a multiple claim or merely a multiple-party-single-claim affair.

To his quandary we now add a new wrinkle. Appealability depends on the legal consequences of a ruling concerning the rights of others as it bears on other parties to the litigation even though they are not named or referred to in the order. Here the Court reasons that since dismissal of Arrow made the third party claim an academic one, the order dismissing Arrow only dismissed Zurich as well.

But just how does one determine this? For example, a complaint in a diversity suit against a servant and his corporate employer as principal carefully restricts allegations of negligence to acts of the servant only so that the corporation's liability is derivative only. The Court, say, on summary judgment, dismisses the case as to the servant. The legal consequence of that ruling is that the corporate principal has no liability. See, Seaboard Air Line R. Co. v. George F. McCourt Trucking, 5 Cir., 1960, 277 F.2d 593. But the case is still on the docket and the corporation appears as a defendant. Was that corporate defendant dismissed though not named? Was the whole case adjudicated? Under the Meadows-Nettles concept it would be a multi-party single cause of action and all would have to await the final gong. But now the parties have to figure out what neither the judge by formal order nor the Clerk by docket entry have revealed in any way.

The legal consequences of a judge's previous holding on the ultimate disposition of the case as to other parties should have no more effect on the parties not specified in the order than would, for example, an intervening authoritative ruling of the appropriate appellate court on a controlling substantive issue.

Sound judicial administration—an element certainly worthy of note as judges construe judge-made rules—ought carefully to distinguish between a judicial action and its legal consequences.

On all tests there were clearly two "claims" here—the plaintiff's case against Arrow and Arrow's case for indemnity. There may well have been nothing left to the merits of the third party claim but until it was disposed of, it was still pending and an appeal could not be taken from the order of dismissal. Indeed, while it is the sort of question-begging problem the law deals with all the time, with the third party complaint undisposed of the order on the main claim was still in the bosom of the Court. As the Rule states, it was "subject to revision at any time."

I think that where there is a reasonable basis for choice, constructions of

this kind are contrary to the purpose of the Federal Rules of Civil Procedure. Since courts seem to have difficulty in undoing confusion engendered by the decisional process and at other times seem unable to resist making matters worse, I look with much confidence on the continuing study of the Rules under the direction of the Judicial Conference, 28 U. S.C.A. § 331. Judge Maris with his strong supporting committees of distinguished judges and lawyers and scholars will, I hope, marshal the full competence of the bar on pre-old and amended Rule 54(b) so that, for a third time, lawyers will lead us out of the wilderness.

I dissent.